**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IceMOS Technology Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Omron Corporation,<br><br>Defendant. | No. CV-19-00002-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Plaintiff's motion for alternative service. (Doc 9). Specifically, Plaintiff "served" Defendant in Japan via FedEx and cited a number of courts that have held that Japan has not objected to service by mail under the Hague Convention. (Doc. 9 at 4). Plaintiff then states that Defendant has "actual notice" of the lawsuit. (Doc. 9 at 5). Plaintiff also asks the Court to order Defendant to answer by February 1, 2019; 21 days after the FedEx was delivered. (Doc. 9 at 1). Plaintiff does not address whether service by alternative means can be executed *before* the Court permits service by alternative means.

      Defendant "responds" and opposes service by alternative means. Defendant's "response" was filed by counsel who claims that they could not waive service when asked because they had not been retained in this case. (Doc. 11 at 4). Defendant's counsel goes on to state they have now been retained and implies Defendant might now agree to waive service but only if it is "afforded a reasonable time to respond to the Complaint, recognizing the time required for service under the Hague Convention and the time periods

contemplated by Federal Rule of Civil Procedure 4(d)." (Doc. 11 at 4). To summarize, Defendant has not agreed to waive service and seems to imply it will only do so if it receives a significant extension of time in exchange for waiving. This position is at best questionable under Federal Rule of Civil Procedural 4(d)(1).

Moreover, the propriety of Defendant's "response" is questionable. Defendant's counsel who filed the response has not entered a notice of appearance in this case as required by Local Rule Civil 83.3(a). Further, when Defendant's counsel filed the "response" they did not link themselves to their client; therefore, for purposes of the record, the client was unrepresented and no one was receiving electronic notices for Defendant.[1] The Court is unclear whether this was a mistake by defense counsel or an intentional maneuver to continue to be able to dispute the status of representation in this case.

Finally, turning to the substance of the motion, Defendant states that at some unidentified point in time (presumably after all the cases Plaintiff cited had been decided), Japan objected to service by mail under the Hague Convention. (Doc. 11 at 3) ("By delivering the Complaint to Omron in Japan by Federal Express on January 11, 2019, IceMOS did not effect formal service of process under the Federal Rules of Civil Procedure. This is because, before the Complaint was even sent, Japan had objected to Hague Convention Article 10(a).") Unhelpfully, Defendant cites *nothing* for this proposition.

Equally unhelpfully, Plaintiff seemingly abandons the service by mail argument in the Reply. (Doc. 12). Now Plaintiff focuses on service on counsel in the United States being a proper form of service for a Japanese Defendant. (Doc. 12 at 1). Unfortunately, that is not the alternative service requested in the motion itself. Plaintiff also reiterates that there has been actual notice, but cites no case or rule specifically authorizing alternative service by "actual notice." (Doc. 12).

Thus, to summarize the state of this case, Defendant has retained counsel, but they

---

[1] Plaintiff's counsel appears to not appreciate this reality because the proof of service on the Reply (Doc. 12) says Plaintiff served opposing counsel using the Court's electronic filing system, then lists two attorneys. But because no one has actually appeared for Defendant, no one was served by this Court's electronic filing system.

- 2 -

have not appeared.  The request for alternative service by mail seems to have been abandoned.  No other form of alternative service was specifically sought in the motion; as a result, the motion will be denied.

Thus, Plaintiff must proceed with service.  The Court is unpersuaded by Defendant's suggestion that Plaintiff must "meet and confer" with Defendant to negotiate with Defendant on waiving service; nonetheless, Plaintiff may again attempt service by waiver.[2] (*See* Doc. 11 at 5).  If Plaintiff does not secure service by waiver, Plaintiff shall serve under the full procedures of the Hague Convention by April 30, 2019 (without prejudice to Plaintiff seeking more time if Plaintiff can show that it has been diligently pursuing service).  If Plaintiff again attempts service by waiver, and Defendant again refuses to waive service, Plaintiff may move for all fees and costs associated with service under the Hague Convention.[3]

Based on the foregoing,

**IT IS ORDERED** that the Motion for Alternative Service (Doc. 9) is denied.  The deadline for service by waiver is April 2, 2019; the deadline for service under the Hague Convention is April 30, 2019.

/ / /

/ / /

/ / /

/ / /

---

[2] The deadline for service by waiver shall be that set by Federal Rule of Civil Procedure 4(m). If Defendant waives service, the response to the complaint shall be due within 60 days of when the second waiver is sent, or within 90 days of when the original waiver was sent, whichever is later.

[3] Because defense counsel has already been retained, is located within the United States, and is seemingly refusing to waive service without consideration, the Court will consider applying the provisions of Federal Rule of Civil Procedure 4(d)(2) to this case. *See e.g., Hislop v. Paltar Petroleum Ltd.*, No. 17-CV-02371-RBJ, 2018 WL 5014123, at *8 (D. Colo. Oct. 16, 2018) ("Plaintiffs correctly point out that Rule 4(d)(2)'s cost-shifting provision does not apply in this case because Mssrs. Bruner, Caetano, and Paltar are foreign defendants. Fed. R. Civ. P. 4(d)(2). Thus, to award the costs and fees requested by the plaintiffs, the Court would have to use its 'inherent powers...to fashion an appropriate sanction for conduct which abuses the judicial process.' *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).").

**IT IS FURTHER ORDERED** that the motion for leave to file a sur-reply (Doc. 13) is denied.

Dated this 13th day of February, 2019.

James A. Teilborg
Senior United States District Judge